0014.78987(232)                    HEP:vkc

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-3298 ) |
| McDONOUGH MECHANICAL SERVICES, INC., SUSAN McKNIGHT, DESIREE SAMANGOOIE and PATRICE CAMPBELL, | ) ) ) ) ) ) ) |
| Defendants. | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, OWNERS INSURANCE COMPANY, by its attorneys, RICHARD M. WARIS and HEATHER E. PLUNKETT of PRETZEL & STOUFFER, CHARTERED, and for its Complaint for Declaratory Judgment against the Defendants, McDONOUGH MECHANICAL SERVICES, INC., SUSAN McKNIGHT, DESIREE SAMANGOOIE, and PATRICE CAMPBELL, alleges the following:

#### THE PARTIES

1. Owners Insurance Company (hereinafter "Owners") is, and at all relevant times was, a corporation organized under the laws of Michigan with its principal place of business in Lansing, Michigan.

2. McDonough Mechanical Services, Inc. (hereinafter "McDonough") is an Illinois corporation and prior to September 5, 2015 was a named insured on a certain policy of insurance issued by Owners.

3. Susan McKnight, Desiree Samangooie and Patrice Campbell (hereinafter "the

Claimants") are all citizens of Illinois and the plaintiffs in an action brought against McDonough, which are nominal but necessary parties to this declaratory judgment action and which have been joined herein solely to be bound by the judgment rendered in this cause, although no specific relief is sought against them. In the event that the Claimants stipulate and agree to be bound by the judgment entered in this cause, then Owners will voluntarily dismiss them from this action.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this litigation occurred in this judicial district and because all of the defendants are residents of this judicial district.

## THE INSURANCE POLICY

6. Owners issued its policy of commercial general liability (hereinafter "CGL") insurance numbered 034604-07664469-15 to McDonough as named insured for the effective policy period beginning at 12:01AM on September 5, 2014 and expiring at 12:01AM on September 5, 2015. Subsequently, the policy was renewed for the effective policy period beginning at 12:01AM on September 5, 2015 and expiring at 12:01AM on September 5, 2016. (A certified true and correct copy of the Owners CGL policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A).

7. Additionally, Owners issued its policy of commercial umbrella insurance

numbered 44-664-469-02 to McDonough as named insured for the effective policy period beginning at 12:01AM on September 5, 2014 and expiring at 12:01AM on September 5, 2015. Subsequently, the policy was renewed for the effective policy period beginning at 12:01AM on September 5, 2015 and expiring at 12:01AM on September 5, 2016. (A certified true and correct copy of the Owners commercial umbrella policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit B).

8. McDonough requested to cancel its renewal policies with Owners effective at 12:01AM September 5, 2015. McDonough then chose to obtain insurance policies and coverage with a new carrier, Cincinnati Insurance Company, beginning at 12:01AM on September 5, 2015 and expiring at 12:01AM on September 5, 2016 policy period. (A true and correct copy of the request for cancellation is attached hereto, made a part hereof and marked as Pleading Exhibit C).

9. Based on McDonough's request, the Owners CGL and commercial umbrella policies terminated effective at 12:01AM September 5, 2015.

10. As a result, per McDonough's request, Owners mailed a Notice of Policy Termination to McDonough. (A true and correct copy of the aforesaid notice as well as proof of mailing are attached hereto, made a part hereof and marked as Pleading Exhibit D).

11. Per the Notice of Policy Termination, the Owners CGL policy numbered 034604-07664469-15 was cancelled effective 12:01am on September 5, 2015 as requested by McDonough.

12. Per the Notice of Policy Termination, the Owners commercial umbrella policy numbered 44-664-469-02 was also cancelled effective 12:01am on September 5, 2015 as requested by McDonough.

## THE UNDERLYING ACTION

13. McDonough has been named as a defendant in a certain action for damages brought by the Claimants under Cause No. 17 L 665 in the Circuit Court of Lake County, Illinois. (A true and correct copy of the Complaint for Declaratory Judgment in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit E).

14. In the aforesaid Complaint, the Claimants allege that on September 8, 2015 McDonough was providing HVAC services at the Lake County Health Department and sprayed chemicals near the ventilation system (all of which more fully appears in the Complaint, Pleading Exhibit E, attached hereto.)

15. In the aforesaid Complaint, the Claimants contend that on September 8, 2015, they were employees of the Lake County Health Department, they arrived for work there and allegedly suffered bodily injury as a result of exposure to both a "chemical substance," et al. (all of which more fully appears in the Complaint, Pleading Exhibit E, attached hereto.)

## PROVISIONS OF THE OWNERS CGL POLICY

16. The Owners commercial general liability policy issued to McDonough provides in its insuring agreement, as follows:

**SECTION 1- COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:
>
> > **(1)** The amount we will pay for damages is limited as described

4

in Section **III** -Limits of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if.

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

1. **Insuring Agreement.**

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

    (2) **The "bodily injury" or "property damage" occurs during the policy period;** and

    (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew

5

>>that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage"occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

(Emphasis added).

17. The Owners commercial general liability policy issued to McDonough contains a pollution exclusion, which provides as follows:

> **f. Pollution**
>
>> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
>>
>>> (d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:
>>>
>>>> (i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;
>>>>
>>>> (ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or

6

vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"; or

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

18. The policy contains the following definitions:

**SECTION V- DEFINITIONS**

**4.** "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

**14.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

**16.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

19. Additionally, the Owners commercial general liability policy issued to McDonough contains a fungi or bacteria exclusion, which provides as follows:

**FUNGI OR BACTERIA EXCLUSIONS**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART.

    A. Under **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, the following exclusions are added:

        1. Bodily injury" or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product

7

    contributed concurrently or in any sequence to such injury or damage.

  2. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

These exclusions do not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for human consumption.

B. Under **SECTION I - COVERAGES, COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY, 2. Exclusions**, the following exclusions are added:

  1. Arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

  2. For any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

C. The following definition is added to **SECTION V- DEFINITIONS**:

"Fungi" means any type or form of fungus, including but not limited to, any mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus.

PROVISIONS OF THE OWNERS UMBRELLA POLICY

20. The Owners commercial umbrella policy issued to McDonough provides in its insuring agreement, as follows:

**COVERAGE**

A. **We** will pay those sums included in **ultimate net loss** that the **insured** becomes legally obligated to pay as damages because of:

1. **Bodily injury;**

2. **Property damage;**

3. **Personal injury;** or

4. **Advertising injury**

to which this insurance applies caused by an **incident**.

B. If the basis of coverage for an **incident** is:

1. An occurrence:

> a. The **bodily injury** and **property damage** must take place during the policy term; and
>
> b. The **incident** must take place in the **policy territory**; and
>
> c. This insurance applies to **bodily injury** and **property damage** only if:
>
>> (1) Before the beginning of the policy term shown in the Declarations, none of the following persons knew that the **bodily injury** or **property damage** had occurred in whole or in part:
>>
>>> (a) If **you** are designated in the Declarations as an individual, **you** and **your** spouse.
>>>
>>> (b) If **you** are designated in the Declarations as a partnership or joint venture, **your** members and **your** partners and their spouses.
>>>
>>> (c) If **you** are designated in the Declarations as a limited liability company, **your** members.
>>>
>>> (d) If **you** are designated in the Declarations as an organization other than a partnership, joint venture or limited liability company, **your executive officers** and directors.
>>>
>>> (e) **Your** employee authorized by **you** to give or receive notice of an **incident**.

21. The Owners commercial umbrella policy issued to McDonough contains a pollution exclusion, which provides as follows:

### EXCLUSIONS

This policy does not apply to:

> **F.** Any claim, **suit**, action or proceeding against any **insured** arising out of the discharge, dispersal, release, escape or inhalation of any asbestos-related particles, dust, irritants, contaminants, **pollutants**, toxic elements or materials.

22. The Owners commercial umbrella policy issued to McDonough contains an exclusion of fungi or bacteria, which provides as follows:

### EXCLUSION OF FUNGI OR BACTERIA
### Commercial Umbrella Policy

It is agreed:

**A.** The following definition is added to the **DEFINITIONS** section of the policy:

> **Fungi** means any form or type of fungus, including, but not limited to, any mildew, mold, spores, mycotoxins, scents or byproducts released or produced by any type or form of fungus.

**B.** The following exclusions are added to the **EXCLUSIONS** section of the policy:

> **1. Bodily injury, property damage, personal injury** or **advertising injury** arising out of, in pad or in whole, the actual, threatened or alleged ingestion of, inhalation of, exposure to, contact with, presence of, or existence of, any **fungi** or bacteria, whether airborne or not, within or on a structure or building, including its contents. This exclusion applies whether any other event, cause, product or material contributed in any sequence or concurrently to such damage or injury. This exclusion shall not apply to any **fungi** or bacteria that are contained in, or are on, a product or good intended for human consumption.
>
> **2.** Any loss, expenses or cost arising out of the monitoring, testing for, abating, removing, cleaning up, containing, neutralizing, detoxifying, treating, disposing of or remediating, or in any way assessing the effects of, or responding to, **fungi** or bacteria, by any **insured** or by any other entity, person or governmental authority. This exclusion shall not apply to any **fungi** or bacteria that are contained in, or are on, a product or

good intended for human consumption.

All other policy terms and conditions apply.

### TENDER OF DEFENSE

23. McDonough tendered its defense to Owners for the Claimants' action.

24. Owners has refused to accept the tender of defense because the policies were not in effect on the date of the alleged bodily injury and the policies it issued do not cover the claims for damages in connection with pollution or mold.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ON CGL)

25. Owners adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 25 hereof as though the same were fully set forth herein.

26. The Owners CGL policy language states for bodily injury to be covered, the bodily injury must occur during the policy period.

27. There is no coverage for the September 8, 2016 accident because the CGL policy was no longer in effect on that date.

28. Owners has no duty or obligation to defend McDonough for the September 8, 2016 accident.

29. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this

Court enters judgment finding and declaring the rights of the parties as follows:

A.    That Owners Insurance Company is not liable under its commercial general liability policy of insurance to defend McDonough in Cause No. 2017 L 665 brought by Susan McKnight, Desiree Samangooie, Patrice Campbell, the Claimants, in the Circuit Court of Lake County, Illinois.

B.    That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.    That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ON UMBRELLA)

30.    Owners adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶30 hereof as though the same were fully set forth herein.

31.    Under the terms of the Owners commercial umbrella policy language, for bodily injury to be covered, the bodily injury must occur during the effective dates of the policy period.

32.    There is no coverage for the September 8, 2016 accident because the commercial umbrella policy was no longer in effect on that date.

33.    Owners has no duty or obligation under its commercial umbrella policy of insurance to defend McDonough for the September 8, 2016 accident.

34.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and

to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

A. That Owners Insurance Company is not liable under its commercial umbrella policy of insurance to defend McDonough in Cause No. 2017 L 665 brought by Susan McKnight, Desiree Samangooie, Patrice Campbell, the Claimants, in the Circuit Court of Lake County, Illinois.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT III
### (ALTERNATIVE DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ON CGL)

35. Owners adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 35 hereof as though the same were fully set forth herein.

36. The claims contained in the Claimants' Complaint, Exhibit C, are not covered under the CGL policy of insurance and Owners is not obligated to defend the action by reason of exclusion f, "pollution."

37. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be

necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

A.  That Owners Insurance Company is not liable under its commercial general liability policy of insurance to defend McDonough in Cause No. 2017 L 665 brought by Susan McKnight, Desiree Samangooie, Patrice Campbell, the Claimants, in the Circuit Court of Lake County, Illinois.

B.  That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.  That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT IV
**(ALTERNATIVE DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ON UMBRELLA)**

38.  Owners adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 38 hereof as though the same were fully set forth herein.

39.  The claims contained in the Claimants' Complaint, Exhibit C, are not covered under the commercial umbrella policy of insurance and Owners is not obligated to defend the action by reason of exclusion F, "pollutants."

40.  By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS § 5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

14

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

A. That Owners Insurance Company is not liable under its commercial umbrella policy of insurance to defend McDonough in Cause No. 2017 L 665 brought by Susan McKnight, Desiree Samangooie, Patrice Campbell, the Claimants, in the Circuit Court of Lake County, Illinois.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT V
### (ALTERNATIVE DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ON CGL)

41. Owners adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 41 hereof as though the same were fully set forth herein.

42. The claims contained in the Claimants' Complaint, Exhibit C, are not covered under the CGL policy of insurance and Owners is not obligated to defend the action by reason of the fungi or bacteria exclusion.

43. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this

Court enters judgment finding and declaring the rights of the parties as follows:

A.    That Owners Insurance Company is not liable under its commercial general liability policy of insurance to defend McDonough in Cause No. 2017 L 665 brought by Susan McKnight, Desiree Samangooie, Patrice Campbell, the Claimants, in the Circuit Court of Lake County, Illinois.

B.    That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.    That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT VI
### (ALTERNATIVE DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND ON UMBRELLA)

44.    Owners adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 44 hereof as though the same were fully set forth herein.

45.    The claims contained in the Claimants' Complaint, Exhibit C, are not covered under the commercial umbrella policy of insurance and Owners is not obligated to defend the action by reason of the fungi or bacteria exclusion.

46.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS § 5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

A. That Owners Insurance Company is not liable under its commercial umbrella policy of insurance to defend McDonough in Cause No. 2017 L 665 brought by Susan McKnight, Desiree Samangooie, Patrice Campbell, the Claimants, in the Circuit Court of Lake County, Illinois.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

PRETZEL & STOUFFER, CHARTERED

BY: _Heather E. Plunkett_
Heather E. Plunkett

Richard M. Waris
ARDC No.: 03128520
Heather E. Plunkett
ARDC No.: 6281755
David N. Larson
ARDC No.: 6225416
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
(312) 578-7404
*Attorneys for Plaintiff,*
*Owners Insurance Company*